U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 0 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA    §
                            §
VS.                         §    NO. 4:13-CV-080-A
                            §    (NO. 4:11-CR-065-A-1)
LORENZO VALDEZ              §
                            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Lorenzo Valdez

("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  Having reviewed the motion, movant's

memorandum, the record, the government's response and appendix,

movant's reply, and applicable legal authorities, the court

concludes that none of the grounds has merit and the motion

should be denied.

I.

Background

Movant pleaded guilty to one count of conspiracy to

distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1),

and 841(b)(1)(B).  On September 2, 2011, he was sentenced to 360

months imprisonment and a five-year term of supervised release.

His conviction and sentence were affirmed, United States v.

Valdez, 480 F. App'x 281 (5th Cir. June 21, 2012), and movant did

not seek certiorari review.   Movant timely filed his motion under
§ 2255 on January 31, 2013.

## II.

## Grounds of the Motion

Movant identified four grounds for relief in his motion,
three of which allege ineffective assistance of counsel on the
part of his attorney.   Movant alleges that his attorney was
deficient for (1) "failing to serve as a meaningful advocate
during [movant's] attempted cooperation;" (2) advising movant
that he would not be able to obtain a plea agreement because
movant was only charged with one count; and (3) failing to
communicate a plea offer to movant.   Mot. at 7.   In his fourth
ground, movant alleges that an evidentiary hearing and a
discovery hearing are necessary to resolve factual matters and
aid the court.

## III.

## Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted.   United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).   A defendant

can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that her counsel's performance fell below an objective standard of reasonableness and (2) that there is a

reasonable probability that, but for her counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

C.   None of Movant's Grounds Has Merit

   1.   Advocacy During Cooperation Meeting

Movant contends that, upon his arrest, he was approached by government agents and asked whether he wished to cooperate with

4

them.  Movant informed his attorney that he wanted to cooperate,
but movant alleges that his attorney "failed to assist him" and
"took no steps to assist the agents/investigators meaningfully."
Mot. at 7; memo. at 7-8.  However, as the government points out
in its response, a letter from movant's attorney to the
prosecuting attorney dated March 29, 2011, provides:

> [Movant] would like to meet with the DEA agent either
> before or after the preliminary detention hearing.
> Please prepare a Rule 11 letter regarding the meeting
> with my client and the DEA agent.

Gov't's App. at 1.  Movant entered into a cooperation agreement
with the government, and movant and his attorney met with the
government for purposes of cooperating.  During the meeting, the
government determined that movant was not being truthful, and
therefore, movant's information could not be useful to the
government.  In movant's reply, his story changes, and he claims
that he did not understand the questions asked of him during the
meeting, and that his attorney should have provided better
explanations to movant about what the government was asking so
that movant could have properly answered the questions.  Movant,
however, points to nothing specific that can show that any of the
actions of his attorney were objectively unreasonable, or that he
was unfairly prejudiced by such actions.  The record reflects
that movant's attorney gave him every opportunity to cooperate

with the government, but movant lied about his criminal
activities, and movant terminated his cooperation when confronted
by the government for his lack of candor.  Thus, there is no
basis for ineffective assistance of counsel with regards to the
events surrounding the cooperation agreement and meeting.

    2.   <u>Failure to Secure a Plea Agreement</u>

Movant alleges that his attorney advised him that he could
not obtain a plea agreement because the indictment only contained
one charge against him, so there were no additional charges for
the government to bring.  Movant contends that, in the context of
a plea agreement, a prosecutor may choose not to bring additional
charges, may recommend a particular sentence, or may agree to
move for a downward departure, and, therefore, his attorney was
deficient for failing to secure a plea agreement and for advising
movant that he could not obtain one.

It is well-established that there is no constitutional right
to a plea bargain.  <u>Weatherford v. Bursey</u>, 429 U.S. 545, 561
(1977).  For movant to succeed on this claim, he must show a
reasonable probability that, but for deficient representation,
the government would have offered a plea agreement that the court
would have accepted.  <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1409-10
(2012).  The record reflects that movant can make no such
showing.  Movant's attorney secured a cooperation agreement,

which provided that movant would "submit to an interview or de-
briefing by agents of the United States concerning the full
extent of [movant's] knowledge regarding violations of the laws
of the United States and/or the several states."  Gov't's App. at
2.  The agreement also explained that the government would
evaluate movant's statements to assess his value as a potential
witness regarding criminal activities of others, and would "take
the nature and extent of [movant's] cooperation into account in
deciding what, if any, plea agreement should be entered."  <u>Id.</u>
Movant's attorney arranged a meeting with the government and
assisted movant during the meeting, but movant lied about the
cocaine found in his car the day he was arrested, initially
claiming there was no cocaine in his car, but later admitting
that there had been cocaine hidden in the car.  Agents continued
to question movant about whether he was being truthful about his
activities and involvement in drug trafficking; movant and his
attorney then terminated the interview.  Thus, the record
indicates that it was movant's own failure to cooperate that
prevented him from obtaining a plea agreement, not any actions on
the part of his attorney, and movant was not prejudiced by his
attorney's advice.

### 3.   Failure to Communicate a Plea Agreement

Movant next alleges that his attorney failed to communicate a plea offer to him, but also acknowledges that he has no evidence that there ever was a plea offer to communicate and that he "files this issue for the sole purpose of preserving the right to argue this ground in further proceedings due to the fact that Movant at the time does NOT have any document in where the Government intented to offer Movant a Plea Offer in interest of his cooperation." Mot. at 7.  Thus, movant's claim that his attorney failed to communicate a plea offer to movant is pure speculation, and cannot satisfy the cause and prejudice standards of Strickland.

### 4.   Evidentiary Hearing

Movant contends that an evidentiary hearing and a discovery hearing are necessary because "there are complex, pivotal, and determine legal issues of fact in and outside the Record" and that such issues are cognizable under § 2255.  Mot. at 8. Because the court has concluded that it is readily apparent that movant's claims lack merit, a hearing is unnecessary.  See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (motion under § 2255 can be denied without a hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Lorenzo Valdez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 10, 2013.

JOHN McBRYDE
United States District Judge